USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

PEDRO CRUZ,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.
--------------------------------X

01 CV 6189 (KMW)
91 CR 414-3 (KMW)

ORDER

WOOD, U.S.D.J.:

    Pedro Cruz has filed, pro se, a motion and supplemental motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure (collectively, the "Rule 60(b) motion"). Cruz argues that he is entitled to relief under Rule 60(b)(6) on the ground of "actual innocence," and he requests that this Court vacate his conviction and sentence.

I. Background

    On October 17, 1991, Cruz was convicted after trial on one count of narcotics conspiracy, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). On February 24, 1992, Cruz was sentenced by Judge Tsoucalas, of this Court, to a term of 320 months' imprisonment to be followed by a five-year term of supervised release. Cruz appealed his conviction to the Second

1

Returned to chambers for scanning on 1/9/06
Scanned by chambers on 1/11/06

Circuit, but the appeal was withdrawn by joint stipulation of the parties to allow clarification of the sentencing record. On May 5, 1992, Judge Tsoucalas reaffirmed Cruz's original sentence; Cruz's appeal was reinstated. By consent of the parties, the case was then remanded for re-sentencing before this Court. See United States v. Cruz, 977 F.2d 732 (2d Cir. 1992). On December 13, 1993, this Court sentenced Cruz to a term of 262 months' imprisonment followed by a five-year term of supervised release. On September 2, 1994, Cruz's sentence was affirmed by the Court of Appeals for the Second Circuit. See United States v. Cepeda, 41 F.3d 1500 (2d Cir. 1994). Cruz then petitioned the United States Supreme Court for a writ of certiorari, which was denied on January 9, 1995. See Cruz v. United States, 513 U.S. 1101 (1995).

On June 6, 2002, Cruz filed, pro se, a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on Apprendi v. New Jersey, 530 U.S. 466 (2000). In an Order dated August 22, 2002, this Court denied the petition on the grounds that: (1) the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and (2) even if the petition was not time barred, Apprendi did not apply retroactively on collateral review. See Cruz v. United States, No. 01 CV. 6189 (KMW) (S.D.N.Y. Aug. 22, 2002).[1]

---

[1] At the time this Court's decision was issued, the Second Circuit had not yet decided whether Apprendi applies retroactively on collateral review. The Court of Appeals for the Second Circuit has since held that "Apprendi does not apply retroactively to initial section 2255 motions for habeas relief."

2

## II. Discussion

In two submissions dated May 7, 2003, and July 18, 2004, Cruz, proceeding pro se, filed a motion in this Court pursuant to Federal Rule of Civil Procedure 60(b)(6),[2] seeking relief on the ground of "actual innocence."[3] The Government contends that Cruz's motion should be either transferred to the Court of Appeals or denied because it is effectively a second collateral attack on his conviction.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion . . . , the court may relieve a party . . . from a final judgment, order, or proceeding," for a variety of narrow reasons, or, under subsection (6), for "any other reason justifying relief from the operation of the judgment." If granted, a Rule 60(b) motion filed for relief from a judgment denying a petition for habeas relief reopens the habeas petition but does not itself provide habeas relief. See Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004) (stating that "a Rule 60(b) motion to set aside a habeas denial is 'undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction,' [Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001)], but . . . a Rule 60(b) motion does not

---

Coleman v. United States, 329 F.3d 77, 79 (2d Cir. 2003).

[2] The petitioner also submitted a response to the Government's opposition to the motion.

[3] Petitioner also raises, briefly, an ineffective assistance of counsel claim regarding his sentencing. See Petitioner's Motion pursuant to Rule 60(b), dated May 7, 2003, at 8-9.

3

itself seek habeas relief") Thus, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris, 367 F.3d at 77 (citing Rodriquez, 252 F.3d 191).

"[A] Rule 60(b) motion that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other Rule 60(b) motion that lacks merit." Id. at 82 (citing Rodriquez, 252 F.3d at 200; emphasis in Harris). For example, in Harris, the Court of Appeals found that a Rule 60(b) motion - in which the petitioner claimed that "his habeas proceeding was undermined by his habeas counsel's (conceded) failure to raise the alleged constitutional effectiveness of [the petitioner's] counsel on the direct appeal" - "arguably attack[ed] the integrity of [the petitioner's] habeas proceeding," Harris, 367 F.3d at 80, but should have been denied, id. at 82.

"On the other hand . . . a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a 'second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the

4

scope of Rule 60(b).'" Id. (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); emphasis in Harris).

The Court of Appeals for the Second Circuit has cautioned district courts to "be careful not to precipitously treat a Rule 60(b) motion as a second collateral attack requiring referral to this Court to discharge its 'gatekeeping' function under 28 U.S.C. § 2244 concerning successive applications for habeas review." Gitten, 311 F.3d at 530. Such a conversion and transfer exposes a petitioner to serious adverse consequences: the motion will be subjected to the strict standards of § 2244 "before [the petitioner] has framed his allegedly new challenges in a way that presents his best chance of meeting those standards," and the motion may therefore be summarily rejected – and any subsequent challenge may then be summarily denied as an abuse of the writ. Id. at 533. Rather than exposing the petitioner to these risks, "the court always has the alternative of simply denying, as beyond the scope of Rule 60(b). . . the portion [of the motion] believed to present new attacks on the conviction." Id. at 534. See also United States v. Sperling, 2003 WL 21518359, at *6, 2003 U.S. Dist. LEXIS 11214, at *15-*17 (S.D.N.Y. June 27, 2003).

Cruz's pro se Rule 60(b) motion, even liberally construed, see Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001), attacks his underlying conviction and sentence, rather than the

prior habeas proceeding. The basis of Cruz's claim – which is similar to that asserted in his habeas petition – is that the Government did not meet its burden of proving beyond a reasonable doubt, or even by a preponderance of the evidence, that the underlying narcotics offenses for which he was convicted specifically involved "crack," rather than some other form of cocaine base. Moreover, his assertion of ineffective assistance of counsel claim is based on alleged inadequacies in connection with his criminal trial and re-sentencing by this Court. Petitioner does not attack the integrity of the habeas proceeding. Therefore, Petitioner's Rule 60(b) motion must either be transferred to the Court of Appeals as a second petition, or be denied as beyond the scope of Rule 60(b).[4]

---

[4] Even if Cruz's motion were to be construed as an attack on the earlier habeas proceeding, the Court would nonetheless deny the Rule 60(b) motion. In order to obtain relief from judgment under Rule 60(b)(6), Cruz must demonstrate "extraordinary circumstances" or "extreme hardship." Harris, 367 F.3d at 80 (internal quotation marks and citation omitted). Cruz's claim of "actual innocence" does not involve an "extraordinary circumstance" that warrants relief, because the evidence on which he relies was available to him during the filing of his original habeas petition. See Hamilton v. Newland, 374 F.3d 822 (9th Cir. 2004), cert. denied, 125 S. Ct. 1599 (2005). Moreover, a change in decisional law generally does not constitute an "extraordinary circumstance" in the context of Rule 60(b)(6), see Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004); in any event, insofar as Cruz relies on Apprendi, he does not point to a change in decisional law that has occurred since this Court's decision denying his habeas petition. This Court notes that Cruz's reliance on the "actual innocence exception" discussed in Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170-71 (2d Cir. 2000), see Petitioner's Supplemental Motion Pursuant to Rule 60(b) at 5-7, is misplaced, insofar as Spence

Mindful of the caution which district courts must exercise regarding treating a Rule 60(b) motion as a second habeas petition, this Court, for the reasons set forth above, denies Petitioner's motion as beyond the scope of Rule 60(b).

SO ORDERED.

Dated: New York, New York
December 21, 2009

                                            /s/ Kimba M. Wood
                                            Kimba M. Wood
                                          United States District Judge

Copies of this Order have been mailed to pro se petitioner and counsel for respondent.

---

refers to "actual innocence" not in the context of a Rule 60(b)(6) motion but as an exception to the rule barring federal habeas review of a petitioner's claim that was procedurally defaulted in state court; furthermore, Spence has been limited by Dretke v. Haley, 541 U.S. 386 (2004).

    Moreover, even if this Court were to grant Cruz's 60(b) motion and reopen his original habeas petition, it would have to be denied again as a matter of law, for the reasons stated in this Court's earlier order.